## HENRY BROWN v. STATE.

No. A-4445.   Opinion Filed May 8, 1924.
Rehearing Denied May 12, 1925.
(235 Pac. 624.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Possession.** In a prosecution for unlawful possession of intoxicating liquor, evidence held sufficient to support the conviction.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

Henry Brown was convicted of a violation of the prohibitory liquor law, and he appeals.   Affirmed.

Wilkinson & Saye, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, Henry Brown, was convicted on an information charging that he did have in his possession four gallons of corn whisky with the unlawful intent to sell the same, and was sentenced to be confined in

the county jail for 30 days, and to pay a fine of $50. He assigns as error that the verdict is not supported by sufficient evidence.

The evidence on the part of the state shows that the sheriff in company with two deputies went to defendant's place one mile east of Duncan, and found four gallons of whisky in the defendant's hog pasture, one gallon jug was buried near where the hogs were fed, and a three-gallon jug was found under a tree top 40 or 50 steps distant from there; they also found three empty jugs, some fruit jars and bottles that had contained whisky scattered around in the hog lot; as they went toward the house they observed three young fellows in a car in the yard, who, as the officers approached, emptied a half gallon jar of whisky, and threw the jar over the fence.

Against the defendant's objection the officers were permitted to testify that about a week before they found a gallon jug about two-thirds full of whisky in the defendant's barn, and a whisky glass and two quarts of whisky in his smokehouse.

As a witness in his own behalf Henry Brown testified:

"My hog pasture is a quarter of a mile from my residence; the whisky found in my barn and smokehouse I picked up by the roadside where a man in a car drove up and set it out; I did not know anything about this whisky being buried in my hog pasture until the officers found it."

Six or seven witnesses qualified as character witnesses, and testified that the defendant had always borne a good reputation as a law-abiding citizen previous to this prosecution.

In our opinion the evidence was sufficient to warrant the court in submitting the case to the jury. It was for the jury to judge of the weight of the evidence and the credibility of the witnesses.

The only other assignment of error challenges the ad-

mission of the testimony on the part of the state showing that several days previous the officers had found whisky in the defendant's barn and smokehouse.

We think the court did not err in admitting this testimony. Trial courts have a large discretion in receiving corroborative evidence, therefore rulings admitting such evidence will not be interfered with, except for a clear abuse of discretion. We discover no prejudicial error in the record. The judgment of the lower court is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.